MRS. S. L. A. CLONTS, widow, *Plaintiff in Error,* vs. H. J. SPURWAY, as Receiver of The First National Bank of Lakeland, Florida, *Defendant in Error.*

139 So. 896.

En Banc.

Opinion filed February 24, 1932.

*E. M. Knight,* Attorney for Plaintiff in Error; *Johnson, Bosarge & Allen,* and *Carroll D. Judson,* Attorneys for Defendant in Error.

ANDREWS, Commissioner.—Defendant in Error as complainant below brought suit upon a promissory note against plaintiff in error as defendant below. After a demurrer to the declaration was overruled defendant Mrs. S. L. A. Clonts, widow, filed two pleas, in the first of which she denies that plaintiff had become obligated to pay reasonable attorney fees for its services; and in the second plea denies that ten per cent of the debt would be a reasonable attorney's fee. The pleas contained no denial of the obligation evidenced by the note as to principal and interest, and plaintiff forthwith moved for and obtained from the resident Judge a judgment *nil dicit* on that portion of the declaration which was not denied, and formally joined issue upon the pleas of the defendant as to attorney's fees. When the cause came on for trial, the court instructed a verdict as to amount of the principal and interest and submitted to the jury the question as to the amount of a reasonable attorney's fee which resulted in a verdict for the principal and interest on the note, plus an attorney's fee of $285.00.

The first point raised by the assignments of error is that the court erred in granting and entering a judgment *nil dicit* against the defendant covering the principal and interest on the note.

The contention is made by plaintiff in error that a

judgment *nil dicit* cannot be legally entered in a suit on a promissory note where defendant as in this case, pleads to the part of the declaration claiming attorney's fees and does not plead to that part of the declaration claiming principal and interest ''where there is only one count in the declaration.''

In the only opinion rendered by this Court, to which our attention has been directed, on that subject, it was said that it is a well settled rule of pleading at common law that if a defendant fails by his pleas to answer the whole of the substantial allegations in .any one or separate count in a declaration, the plaintiff has a right to take judgment *nil dicit* as to so much of the declaration as was not covered by the plea. Charles v. Young, 74 Fla. 298, 76 So. 869; 34 C. J. pages 148 and 165.

The above statement as to the law on that subject is quoted with approval from the Massachusetts case of Dwight v. Holbrook, 1 Allen (Mass.) 560, which is followed in the later case of Parker v. Parker, 34 Mass. 236.

A judgment *nihil dicit* (he says nothing) is one which may be taken as of course against a defendant who omits to plead or answer the plaintiff's declaration within the time required. In some jurisdictions it is otherwise known as a judgment ''for want of a plea'' (Black's Law Dic. 815) or a ''judgment by default'' 34 C. J. 148.

The defendant is ordinarily required to set up his defenses that do not constitute separate causes of action, and if he neglects to do so, he is concluded by the judgment rendered in such action. It seems that the reason for this rule lies in the principle that there must be an end to litigation, and, therefore, where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he should take the consequences. 15 R. C. L. 969-971-446-448; 34 C. J. 165.

It appears from the record that an appeal was taken

on August 21, 1930, from the judgment *nil dicit* entered by the Court June 20, 1930, that the record was filed in the Supreme Court on October 17, 1930, and that upon motion of defendant in error the case was dismissed January 20, 1931. See Clonts v. Anderson, Receiver, 136 So. 408. This had the effect of leaving the case as though no appeal had been taken.

The issues as to attorney fees was tried at the October term, 1930, and a verdict rendered thereon for the principal, interest and attorney's fees, upon which a final judgment was rendered October 17, 1930, from which the instant writ of error was taken on April 15, 1931. The Plaintiff in Error contends that the trial court had no jurisdiction to proceed with the said trial and render judgment on October 17, 1930, upon the verdict, prior to the Supreme Court's dismissal of the former writ of error on January 20, 1931, even though there was no supersedeas bond.

While we can see no useful purpose to be served either (1) by the entry of the judgment *nil dicit* before all issues were adjudicated which were raised by the declaration and pleas, nor (2) by the appeal from such judgment (unless attorney fees be waived), it is quite clear that no reversible error was committed either in entering the said judgment *nil dicit* on the issues of the principal and interest on the note which was not contested, nor in later trying the issues as to attorney's fees, upon which issue had been joined, and especially in the absence of any supersedeas bond; and, even if error, it was cured by the subsequent dismissal of the former writ of error by this court which in effect left the matter as if no appeal had been taken.

While there are instances where a judgment *nil dicit* would be proper under our procedure—as for example if plaintiff desires for some reason to have judgment entered at once for that much of the undisputed and

separable cause of action or if the plaintiff in this case had formally waived claim for attorney's fees—but the usual procedure would be to reserve final judgment on the issues not contested until those contested are adjudicated so that the cause of action may be disposed of in one final judgment—thus eliminating useless procedure, delay and costs.

The trial court in its instructions to the jury took the position that even though the issue as to principal and interest on the note had been confessed and determined by the judgment *nil dicit*, that such item should be included in the sum total of the verdict notwithstanding the judgment *nil dicit*, as the law would assume it as confessed whether definitely adjudicated by a formal judgment, as in this case, or not.

In fact, about the only difference between a default entry, as customarily applied in this State, and a judgment *nil dicit*, is that the former may not be final but forms the basis upon which to enter a final judgment, while the latter is a formal adjudication and determination of the separable portion of the cause of action set up by a declaration which was not contested, but impliedly confessed.

Another point presented by plaintiff in error was as to whether the record shows a proper substitution of H. J. Spurway as Receiver of the plaintiff bank, for A. M. Anderson, who had resigned pending this suit.

There seems to be no merit to this assignment. The record shows the motion was in writing and made in open court, and no objection interposed by defendant. In fact, the substitution of one Receiver of the bank for another who had resigned, did not affect any substantial change in interest. Such amendments are allowed in open court even in cases where plaintiffs are executors or next friend. Neal vs. Spooner, 20 Fla. 38; Barnes v. Scott, Sheriff, 29 Fla. 285; 10 So. 48; Hamburg

vs. Liverpool L. & G. Ins. Co., 42 Fla. 86; 27 So. 872; Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 263; 35 So. 228.

When motions for substitution of parties plaintiff, as in this case, are made in open court in the presence of defendant, Circuit Court Rule 53 requiring five days' notice, does not apply.

The remaining assignment of error is based upon the admission of parol evidence upon the question as to whether the plaintiff had become obligated to pay its attorneys a reasonable attorney's fee if there was in existence written evidence of such employment. This assignment is not well taken in this case, as the declaration only claims a "reasonable fee," and other attorneys testified as to what would be a reasonable attorney's fee, and the Receiver testified that all the Government would allow him to pay was a "reasonable fee" which was acceptable to plaintiff's attorneys. The verdict was for the lowest amount testified to as a reasonable fee, or about five per cent of the amount recovered.

We now direct attention to what is always an important matter to the court with reference to preparing briefs. Under our practice a "brief" embodies not only a statement of the points of law which counsel desires to establish and argue, but the *authorities* upon which he rests his contention. The purpose of a brief is not only to aid the court to arrive at a legal determination of the issues raised, but not one of the least is that of time saving, which has become a most important factor toward the expeditious administration of justice in these days of congested dockets. One of the briefs in this case in citing Florida cases contains no citation of the official Florida Reports—but only the Southern Reporter. Both reporter systems may not always be at the elbow of the members of the Court or counsel on the other side, when it is desired to check and inspect the cases cited. For many

years every opinion of this Court contains both citations, if published. No brief should be presented for filing until every Florida case cited is verified as to both the Florida and Southern Reporters. This neglect of attorneys gave rise to the promulgation of our Supreme Court Rule 20 (as amended November 5, 1930) which provides that "Opinions of this Court must be cited from the official reporter when possible, as well as from the Southern Reporter." It also provides that these requirements are mandatory and any violation will be cause for dismissal or affirmance of the case involved. Both briefs in the instant case were filed long after the above rule went into effect.

No reversible error was committed by the trial court in this cause, and the final judgment is hereby affirmed upon the lower court issuing an order of remittitur on the final judgment to the extent of the amount of the judgment *nil dicit*, with interest, as of the date of the entry of the judgment based upon the verdict rendered by the jury.

Affirmed with directions.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby, affirmed upon the lower court issuing an order of remittitur on the final judgment to the extent of the amount of the judgment nil dicit, with interest, as of the date of the entry of the judgment based upon a verdict rendered by the jury.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.