JEWEL L. SAWYER v. ERA M. HINTON as Administratrix of the Estate of Albert L. Hinton, deceased.

35 So. (2nd) 294
May 11, 1948
Rehearing denied June 2, 1948

January Term, 1948
Special Division B

Sam E. Murrell, for appellant.

Giles F. Lewis, for appellee.

BARNS, J.:

The appellant-plaintiff went to trial on count X of her declaration and the pleas filed thereto by defendant. Plaintiff was coerced to suffer a non-suit upon the announcement of the trial judge that he would grant defendant's motion for a directed verdict made after plaintiff and defendant had closed the case for offering evidence. Thereafter a final judgment was entered and plaintiff appealed. Our statute provides:·

"59.05. *Writ of Error; from Order of Nonsuit, Bill of Exceptions.*—When, from any decision of the court on the trial of a cause in any court, it may become necessary for the plaintiff to suffer a nonsuit, the facts, points or decisions may be reserved for the decision of the appellate court by bill of exceptions as in other cases."

474

Appellant-plaintiff assigns as error that the trial court erred in overruling motion to strike and demurrer to defendant's 7th, 8th and 9th pleas, which were as follows:

"(7). That the claim for $500 cash paid by the plaintiff to the defendant's intestate Albert L. Hinton was not filed in the County Judge's Court of Orange County, Florida, against the estate of Albert L. Hinton within eight months after the first publication of notice to creditors of the said Albert L. Hinton by this defendant as administratrix.

"(8) That the plaintiff did not bring suit on the claim for $500 cash alleged to have been paid to defendant's intestate on May 3, 1945, within two months after the alleged filing of said claim in the County Judge's Court and the filing of objections of the defendant thereto, and service on plaintiff of copy of such objections,

"(9) That the plaintiff did not file in the County Judge's Court or bring suit on said alleged claim of $500 cash set up in said count alleged to have been paid to defendant's intestate on May 3, 1945, within twelve months from the first publication of the notice to creditors and is barred by limitation of twelve months for the institution of suits on claims filed against the estates of decedents and objected to by any one in interest."

Plaintiff's amended count X (filed January 16, 1947), to which these pleas were filed, alleged the payment to Hinton by plaintiff of $500.00 and $325.90 to be applied on the purchase of real estate for her but that Hinton converted said sum of $825.90 to his own use; that the defendant was appointed as administratrix of Hinton's estate; that before the commencement of this suit plaintiff filed her claim in the County Judge's Court of Orange County, as provided by law, but that the defendant here objected to said claim and refused to pay it.

Section 733.16, F.S. 1941, F.S.A. (Sup. 1945) required that any claim against the estate of a decedent shall be filed within eight months from the date of the first publication of "notice to creditors" and Section 733.18 F.S. 1941, F.S.A. (Sup. 1945) prescribes that in event of an objection to the claim that claimant shall have "twelve calendar months from

the first publication of notice to creditors in which to bring appropriate suit" but that if claimant is served with notice of objection as prescribed by Section 733.18, supra, that claimant shall have "two calendar months from the date of such service within which to bring appropriate suit," but that

"No suit, action or proceeding shall be brought against any personal representative after the time limited above."

Plaintiff complains that the pleas are insufficient against demurrer because they relate to only $500.00 of plaintiff's claim of $825.90. If any portion of the claim of a plaintiff is barred by a statute of non-claim, a plea to such part is good against demurrer and motion to strike.

The assignments of error relating to the overruling of motion to strike and demurrer to such pleas are not well founded.

The appellant-plaintiff also assigns as error that the trial judge erred in ruling that the defendant was entitled to a directed verdict in favor of the defendant and thereby coercing plaintiff to take a nonsuit.

Plaintiff moved for a directed verdict because there had been filed no proof of claim with the County Judge's Court for the payment of $500.00 to the deceased and that plaintiff had not proved the payment to Hinton of the $500.00.

The first publication of notice to creditors was published July 13, 1945.

The substance of the plaintiff's claim first filed in the County Judge's Court on July 18, 1945, was as follows:

"July 17, 1945. Account due the undersigned by reason of five Government checks delivered to Dr. A. L. Hinton for the purpose of cashing, two each in the amount of $73.46, and three each in the amount of $59.66, making a total of $325.90.

"July 17, 1945. Check drawn on Florida Bank at Orlando, payable to First National Bank, dated May 3, 1945, in the amount of $500.00. Total $825.90."

After this suit was commenced plaintiff filed in the County Judge's Court amended claim which was objected to and

thereafter amended count X was filed in this cause; however, the amended claim insofar as it related to the $500.00 was of the same tenor and legal effect.

Plaintiff's proof of the $500.00 item of her claim is at such variance with the claim as filed with the County Court as not to permit recovery therefor in this suit and if pleas 7, 8 and 9 had been the only pleas it would doubtless have been proper for the Court to have directed a verdict for the defendant upon the issues before the jury, notwithstanding that a default judgment for $325.90 would have been in order.

"If defendant's plea fails to answer the whole of the substantial allegations in any one count, or omits to plead to any count in declaration, plaintiff has a right to take judgment as to so much of declaration as was not covered by plea, as upon nil dicit."—Charles v. Young, 76 So. 869, 74 Fla. 298.

"At common law, 'judgment nil dicit' may be taken against defendant who omits to plead or answer whole or any separable substantial portion of declaration." Clonts v. Spurway, 139 So. 896, 104 Fla. 340.

However there were other pleas going to a traverse of the whole of the Count and there was an issue before the jury as to $325.90 of plaintiff's claim. The plaintiff's proof of this portion of her claim was sufficient to preclude a directed verdict for the defendant. If the trial judge had directed a verdict for the plaintiff for $325.90, it would have been supported by the record.

The two items of $500.00 and $325.90 forming the basis of plaintiff's claim are separate items but they have some relation to the same transaction and are not so distinct and several as to place plaintiff's claim without the jurisdiction of the Circuit Court. Plaintiff by Count X has plead such a relation of these two payments as permit composite claim for the aggregate amount. The $500.00 portion of plaintiff's claim is barred by the statute of nonclaim but plaintiff established a prima facie case as to the $325.90.

We find that the trial judge erred in ruling that defendant was entitled to a directed verdict in her favor.

Reversed.

THOMAS, C. J., CHAPMAN and ADAMS, JJ., concur.