## I. L. C. PRODUCTS CO. v. CHEVELLE MOBILE HOMES, Inc., et al.
### No. 7412.
Circuit Court, Lake County.

September 12, 1966.

Andrew G. Pattillo, Jr., Ocala, for plaintiff.

L. E. Brown and W. B. Hunter, both of Tavares, for defendants.

W. TROY HALL, Jr., Circuit Judge.

Upon due notice to the parties, this cause came on for hearing on September 12, 1966 on the petition for rehearing of the defendant, Chevelle Mobile Homes, Inc., and the motion to dissolve garnishment of the garnishee, L. E. Brown.

Plaintiff claims a debt owed it by the defendant, Chevelle Mobile Homes, Inc. (hereinafter "Chevelle") in the amount of $10,876.52, with interest thereon, and claims a like sum of the individual defendants as officers, directors, or stockholders of Chevelle, upon the ground that Chevelle made preferential payments to them, who were then in a fiduciary relationship with Chevelle, at a time when Chevelle was insolvent.

In its answer Chevelle admitted plaintiff's claim to the extent only of $8,929.34, and resisted and denied the remainder of the claim. Upon plaintiff's motion, the court has entered a partial summary judgment, finding no material issue of fact as to the existence of an obligation of Chevelle to the plaintiff in the admitted amount.

At pre-trial conference, held upon the court's own motion on July 26, 1966, and on proper notice to all parties, the plaintiff moved the court for the entry of a final judgment upon so much of its claim as was governed by the partial summary judgment theretofore entered. Plaintiff's motion was granted, and partial final judgment was entered and filed on that date, finding plaintiff entitled to recover $8,929.34 of and from Chevelle, and ordering execution to issue thereon.

On the same day (that is to say, on July 26, 1966), promptly after the filing of the partial final judgment, plaintiff filed appropriate affidavit, and the clerk of this court thereupon issued a writ of garnishment, directed to and which was then served upon L. E. Brown, one of the attorneys of record for Chevelle.

Chevelle filed timely petition for rehearing, seeking to set aside the partial final judgment, and the garnishee filed timely motion to dissolve garnishment, seeking to dissolve the writ of garnishment which had been served upon him. Both motions came on for hearing as above recited.

It is the contention of the garnishee that the partial final judgment (hence, any final judgment) was not of a character to support the issuance of a writ of garnishment thereon until

the time for filing appropriate motion for rehearing had elapsed, or, if such motion were filed, until its disposition. The contention is without merit. The garnishee's motion to dissolve the garnishment, presenting the same issue as Chevelle's motion for rehearing, is proper, but must rise or fall with Chevelle's motion. The partial final judgment, when filed with the clerk, was of such final character as to support the issuance of the garnishment writ, which (unless the judgment is bad) must be answered.

Both Chevelle and the garnishee contend that the court was without authority in the entry of the partial final judgment which disposed of the admitted portion of the claim against Chevelle, one of several defendants. The court finds otherwise, upon the authority of Clonts v. Spurway, (1932) 139 So. 896, and Moore v. Boyd, (1952) 62 So.2d 427.

In the Clonts case the Florida Supreme Court, while acknowledging the usual practice of deferring final judgment on the issues not contested until those which are contested have been adjudicated, nevertheless recognizes instances where a judgment nil dicit (a proceeding not materially different for present purposes from the partial summary judgment provided for in the Florida Rules of Civil Procedure) would be proper, *"as for example if plaintiff desires for some reason to have judgment entered at once for that much of the undisputed and separable cause of action"*. The same court, in the Moore case, citing the opinion in Clonts, recognized and confirmed the rule at a time subsequent to adoption of the Florida Rules of Civil Procedure under which — with changes not here material — we now operate.

The court being otherwise fully advised in the premises, it is ordered, adjudged and decreed — (1) Chevelle's petition for rehearing is denied. (2) The partial final judgment, heretofore entered herein, is ratified and confirmed nunc pro tunc, for all purposes. (3) The garnishee's motion to dissolve garnishment is denied. (4) That the garnishee, L. E. Brown, shall have ten days from the date of this order in which to plead to the writ of garnishment as he may be advised.