OVERSTREET, MURRAY W., Associate Judge.
Appellants are the executor of the Estate of Sam H. Browning, deceased, the testamentary trustee under the Will of Sam H. Browning, and Sam H. Browning’s ■daughter and grandson, the beneficiaries of that testamentary trust. Appellees are beneficiaries of the Estate of Annie T. Browning, the deceased widow of Sam H. Browning.
Sam H. Browning died on March 6, 1961. In 1959, Browning purchased with his personal checks some bearer coupon bonds issued by Skycrest Baptist Church and either he or Annie T. Browning, or both, placed them in a safe deposit box at the City National Bank of Clearwater, which was subject to a joint depositor contract that permitted either of them to have access to the box. The inventory in Sam H. Browning’s estate did not list said bonds as an asset of the estate, but did mention them under the title “memorandum items for tax and information purposes only”. Annie T. Browning did not file election to take dower within the statutory nine months period from the first publication of notice to creditors, which expired on January 3, 1962. On April 30, 1962, the executor of Sam Browning’s estate filed in the Circuit Court of Pinellas County a Petition for a declaratory decree as to the ownership of the bonds, and on April 24, 1963, said Court decreed them to be the sole property of Annie 1'. Browning. On June 5, 1963, Annie died and on October 3, 1963, the Circuit Court vacated its former decree and adjudged the Sam H. Browning estate as being the owner of an undivided one-half interest in the bonds. On January 8, 1964, the residuary beneficiaries under the will of Annie T. Browning filed in the estate of Sam H. Browning their election to take dower. Qn June 11, 1965, the Second District Appellate Court affirmed the final decision of the Circuit Court, and on January 6, 1966, the Supreme Court denied certiorari and it does not appear from the record supersedeas or certiorari order was entered or bond posted. On November 29, 1965, the executor of the Sam H. Browning estate filed petition to strike Election to Take Dower, and on July 7, 1966, the County Judge of Pinellas County denied said petition, and this appeal emanates from that order.
The decision by the County Judge is controlled by Section 731.35, Florida Statutes, F.S.A.
Neither the widow, Annie T. Browning, nor the appellees filed Motion for extension of time for filing election to take dower, and no order extending time for same was entered by the probate court, so we must look to see whether or not the election was filed within the time allowed by the Statute. If not, the election must fail.
Section 731.35 provides that an election to take dower must be filed within nine *246 months after the first publication of notice to creditors, but “should litigation occur involving the admission of the will to probate, or its validity or the construction thereof, or should any claim filed be contested, a widow shall have sixty days from the date to which such extension for filing claims is extended or from the date of a final judgment determining any litigation or contested claim or from the time allowed to the personal representative for filing his objection to any claim, in which to elect to take dower.”
In arriving at his decision, the probate judge appears to have reasoned that the widow, if living, would have had sixty days from January 6, 1966, in which to file her election to take dower, and the residuary beneficiaries would have had the same time in which to file election. January 6, 1966, was the date on which the Supreme Court denied certiorari, so it is clear that said judge concluded that the order denying certiorari was “a final judgment determining any litigation or contested claim”. However, neither the Supreme Court nor the District Appellate Court had authority to enter final judgment in the Circuit Court case relating to the bonds, so the time should have been reckoned from the date of entry of final judgment in the Circuit Court on October 3, 1963, and the election to take dower should have been filed within 60 days therefrom, or within nine months from the date of first publication of notice to creditors, and there was a complete failure to meet these requirements, or either of them. The most the Supreme Court or District Appellate Court could have done would have been to reverse the lower court, remand the cause to it, and direct it to enter final judgment in accordance with the Mandate. Had that been done, the County Judge would have computed his time from the date of entry of the final judgment by the Circuit Court as directed by the appellate court. But this did not occur. Both of the appellate courts sustained the final judgment of the Circuit Court, and “[tjhis had the effect of leaving the case as though no appeal had been taken.” Clonts v. Spurway, 104 Fla. 340, 139 So. 896. Had supersedeas or certiorari order been entered or bond posted, it would simply have stayed execution or performance of the Circuit Court judgment. 30 Fla.Jur., Stay of Proceedings, Sec. 2.
Therefore, the Order of the County Judge denying petition to strike election to take dower is hereby reversed, the cause is remanded to the County Judge’s Court of Pinellas County, Florida, with directions to the judge of said court to vacate and set aside said order, and to enter an order granting appellants’ petition to strike election to take dower.
LILES, Acting C. J., and HOBSON, J., concur.