JOHNSON, Judge.
This is an appeal from an order of the County Judge of Volusia County denying the widow’s petition for assignment of dower.
It appears that the deceased had made a will and codicil in 1959. In the will he had named, inter alia, Betty Ferguson, as one of his beneficiaries. The codicil removed her as beneficiary To certain property. In 1962, Arner died and at the time thereof was living with the alleged widow and their children. There is some question as to whether the parties held themselves out as husband and wife and also some question as to three of the minor children who were commonly known by the surname of Ferguson (their mother’s maid-eii name), as to their legitimacy. Mr. Ar-ner died testate and his will was duly probated by the executrix named therein, who was his sister. The notice to creditors was first published June 16, 1962. No election to take dower was filed by the widow within 9 months after the first publication of notice to creditors. Apparently no claim of any kind was made by the widow until January 3, 1967, when she filed her election to take dower.
It appears that in April 1963, 10 months and seven days after the first publication of notice to creditors, the executrix filed in the Circuit Court of Volusia County her petition for declaratory decree to determine the heirs, legatees, next of kin and the rights in the homestead.
*473 In this petition it was pointed out, inter alia, that the alleged widow had not filed for dower in said estate. She also raised the question as to whether the widow, Betty Ferguson, was actually the legal widow of the deceased. The Circuit Court, after about 3 years of litigation, entered its order on said petition in which it decreed that the said Betty Ferguson was the legal widow of the deceased; that the birth of three of the minor children born to the parties prior to their marriage was legitimized by the marriage between Betty Ferguson and the deceased Dale D. Arner, and that the said Betty Ferguson (Arner) was entitled to take dower in the decedent’s estate if she so desired and that she was authorized to proceed under F.S.A. § 731.35 (2), F.S.A., in making her election should she so desire.
This order was signed October 31, 1966 and apparently filed the same date. The widow Betty Ferguson Arner filed her election to take dower on January 3, 1967, which was more than 60 days after final judgment in the case in Circuit Court. The law in effect at the date of the death of Mr. Arner governs as to the time for filing claims or election to take dower, which fixed the time at 60 days.
We are confronted with a Circuit Court order authorizing the widow to exercise her election to take dower, which order is rendered about 3 years after the time authorized by law for filing her election to take dower had expired, unless the Circuit Court decree revived and reestablished this right.
Florida Statute 731.35(2), F.S.A., provides that the election to take dower may be filed within 60 days after “final judgment determining any litigation or contested claim * * * ”
The executrix did not file her petition for declaratory decree until after the widow’s right of election to take dower had expired. The petition for declaratory decree did not pray for adjudication of a dower right or right to elect dower. The failure to file election to take dower did not affect the widow’s constitutional rights in the homestead, and it appears that the main question that the executrix wanted answered was whether or not a valid marital relation existed at the time of the death of Mr. Arner between him and Betty Ferguson so as to determine the homestead rights. We are of the opinion and so hold, that the filing of this petition did not revive the right to elect to take dower. That it was not the intent of subsection (2) of F.S. § 731.35, to extend the right to file election, unless the litigation was filed within the statutory time for filing such election, and such litigation precluded the otherwise timely filing or gave rise to doubts as to whether the widow should file or not. To hold otherwise would open the door to unreasonable confusion and reopening of many closed issues in an estate.
Further, even if the declaratory decree had validly reestablished the widow’s right of election, she failed to comply with the 60 days provision for filing.
The Circuit Court having exceeded its jurisdiction, if its order is construed to mean that the right of election was reinstated, we cannot find that the County Judge erred in ignoring that portion of said order in denying the widow’s petition for assignment of dower. Under either theory, the filing of the election to take dower was not timely made and County Judge was correct in denying the petition for assignment of dower. The widow was entitled to her constitutional homestead rights and any legacies or devises remaining in the will in her favor, but she had lost her right of dower.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.