BOYER, Judge,
dissenting.
I agree that the learned and able trial judge correctly interpreted and relied upon this court’s opinion in In Re Arner, cited in the majority per curiam opinion. However, in my view, that opinion espouses bad law.
Stability of the law is an important consideration and due deference should always be accorded the time honored doctrine of stare decisis. Nevertheless, when justice and experience demonstrates a precedent to be erroneous a court has the duty to squarely face the issue and recede. Such a position is all the stronger if a fresh approach is designed to achieve justice while the precedent does not. Certainty and stability are extremely important, but blind and dogmatic adherence to an unjust precedent not only defeats the very purpose of our system of jurisprudence, the pursuit of justice, but also encourages distrust and disrespect for the system.
The case sub judice is a case in point. Our precedent, while encouraging stability, promptness and expeditious disposition of probate proceedings, is contrary to the clear wording of the statute, in conflict with a decision of our sister court and is subject to abuse, the achievement of unjust results and even perhaps an instrument of fraud.
Harriet Branche Boyer died in June of 1974, leaving a Will which was duly admitted to probate. In that Will she appointed her brother, Julian L. Branche, as her personal representative. No provision was made in the Will for the decedent’s spouse, appellant Melvin S. Boyer. However, he apparently retained possession of, and claimed ownership of, various items of personal property after the death of his wife. Almost two years later, in June of 1976, the personal representative filed a replevin action against Melvin S. Boyer seeking to recover possession of those items of personal property, claiming them to be assets of the estate. Melvin S. Boyer filed an answer to the complaint in replevin. At the time of this appeal no further action had been taken in that proceeding. On the same day that the answer was filed in the replevin action, Melvin S. Boyer filed in the probate proceeding a petition for revocation of probate. After answer and hearing the petition for revocation was denied.
While the above mentioned litigation was pending, Melvin S. Boyer, on May 17, 1977, filed a notice of election to take dower. The personal representative moved to strike on the ground of untimely filing which motion the trial court granted, resulting in this appeal.
The controlling statute is 731.35, Florida Statutes 1973. Subsection (1) of that statute provides:
“In order to take dower, the surviving spouse must so elect by a signed instrument in writing, acknowledged or sworn to by the surviving spouse before any officer authorized to take acknowledgments or administer oaths and filed, within seven months after the first publication of the notice to creditors, in the circuit court where the estate of the deceased spouse is being administered. The clerk of the circuit court shall record all elections to take dower.”
Subsection (2) of the same statute provides:
“Should litigation occur involving a contested claim or the construction, admission to probate, or validity of the will, or on any other matter affecting such estate whereby the full and complete extent of estate assets subject to dower may be in doubt, the surviving spouse shall have seventy days from the date of the final termination of all proceedings in all courts in any such litigation in which to elect to take dower.”
Appellee contends and the majority holds, that this court’s decision in In Re Estate of Arner, 218 So.2d 471 (Fla. 1st DCA 1969) is dispositive. In that case, as in the case sub judice, no election to take dower was filed within the time prescribed by subsection (1) of F.S. 731.35. In that case, as in the case sub judice, litigation was commenced after *598 expiration of the period provided in subsection (1) for the filing of an election to take dower, the result of which litigation would affect the full and complete extent of the estate. In the Arner case however, the widow did not file her election to take dower within the time prescribed by subsection (2) of F.S. 731.35 or after termination of the litigation contemplated by that subsection. Sub judice, on the other hand, that litigation has not yet terminated, therefore the widower’s election which was filed on May 17, 1977, as aforesaid, was clearly within the period provided by said subsection (2). Nevertheless, this court, though not so required under the facts of that case held in Arner:
“* * * We are of the opinion and so hold, that the filing of this petition [the petition for declaratory decree to determine the heirs, legatees, next of kin and rights in the homestead] did not revive the right to elect to take dower. That it was not the intent of subsection (2) of F.S. § 731.35, to extend the right to file election, unless the litigation was filed within the statutory time for filing such election, and such litigation precluded the otherwise timely filing or gave rise to doubts as to whether the widow should file or not. To hold otherwise would open the door to unreasonable confusion and reopening of many closed issues in an estate.” (218 So.2d at page 473)
The above quotation vividly demonstrates, therefore, that notwithstanding that the election was not timely filed in the Arner case even within the time prescribed by subsection (2) of the statute, the court nevertheless squarely and unequivocally held that subsection (2) was not effective to extend the time for filing an election to take dower unless the litigation therein contemplated was. filed within the time prescribed by subsection (1). It is interesting to note, however, that the author of that opinion felt it necessary to bolster the court’s position by the statement:
“Further, even if the declaratory decree had validly reestablished the widow’s right of election, she failed to comply with the 60 days provision for filing.” (218 So.2d at page 473)
Appellant, sub judice, while urging that the Arner case is in conflict with the clear wording of the statute and the obvious intent of the legislature, yet urges that that case is distinguishable on two grounds, viz: First, as already observed, the election was not filed within the period prescribed by subsection (2) of the statute and secondly, that the declaratory judgment action seeking to determine the heirs, legatees, next of kin and rights in the homestead was not such litigation as that contemplated by the specific wording of F.S. 731.35(2), whereas the ensuing litigation sub judice was and is.
Although appellant’s laudable attempt to distinguish the Arner case is well taken on the facts, it does not meet the bold holding of that case, as above quoted. We must, therefore, either affirm this case on the authority of the Arner decision or else candidly recede therefrom. I would, as already indicated, recede.
Prior to the decision in the Arner case, though not mentioned therein, our sister court of the Second District, in First National Bank of Birmingham v. McFarland, 200 So.2d 244 (Fla. 2nd DCA 1967), held under a factually similar situation that litigation relating to alleged assets of the estate which was commenced after the expiration of the period provided in subsection (1) of the statute extended the time for the filing of an election to take dower for the period provided in subsection (2) of the statute following entry of final judgment in that litigation. In my view that interpretation is correct.
In practice there is actually little reason for the personal representative of an estate to know whether or not a survivor will elect to take dower until such time as he is ready to pay claims and make distribution. No prejudice occurs to the estate nor the personal representative as a result of the belated filing of an election to take dower unless the delay adversely affects or frustrates the payment of claims or distribution. The surviving spouse, on the other hand, may be severely prejudiced by being required to *599 make an irrevocable election prior to the time that the size of the estate is ultimately-determined. It was obviously with that thought in mind that the legislature adopted F.S. 731.35(2).[1]
The reason for the seven months limitation for the filing of the election as provided in F.S. 731.35, Florida Statutes 1973, is in anticipation that by that time the size of the estate will have been determined and the personal representative will be ready to pay claims and make distribution. Experience demonstrates the wisdom of the legislature in making that assumption and teaches that in the vast majority of cases the second subsection of the statute has no applicability. However, the legislature, also in its wisdom, adopted the second subsection of the> statute as a safety valve to come into play in those extraordinary circumstances when the size and extent of the estate is late in being determined. It will be noted that the legislature did not incorporate any time period to trigger the applicability of subsection (2) of the statute. It becomes applicable at any time the size and extent of the estate, or the construction, admission to probate or validity of the will becomes uncertain. The door is thereby kept open for the filing of the election until 70 days from the date of the final determination of all proceedings in all courts in any such litigation. Although, as appellee contends, such a construction of the statute could lead to uncertainty were it abused, it goes without saying that all rights and privileges are subject to the exercise of good faith. Should it be made to appear that an action was commenced in bad faith for the sole purpose of reviving the period for the filing of the election then that lack of good faith could be raised as a defense to the belated filing of the election.
Examples, on the other hand, of the injustice which might well result from the construction of the statutes by this court in its Arner decision, notwithstanding the exercise of good faith, are too numerous to detail. Two such examples are sufficient to demonstrate the point: Assume, for example, a decedent dies leaving an apparent estate of $30,000.00 as reflected by the inventory and appraisal. His will leaves $20,-000.00 to his widow, which is more than she would receive by filing an election to take dower; therefore she files none. A year lapses and before distribution the executor discovers a theretofore unknown .asset worth $1,000,000.00 which is claimed and obtained via litigation. Applying the Arner construction the widow is bound to accept only $20,000.00 notwithstanding the estate is worth over $1,000,000.00. Under the Ar-ner construction the same result would be obtained even were it to appear that the executor purposely, intentionally and with malicious motive delayed “finding” the theretofore unknown and unreported asset. Clearly such a result was not intended by the legislature, but is cured by a proper construction of subsection (2) of F.S. 731.35.
In conclusion, I am of the firm view that we should recede from our holding in In re Estate of Arner, supra, and hold instead that subsection (1) and subsection (2) of F.S. 731.35, Florida Statutes 1973, mean what the say and afford alternative periods for the filing of an election to take dower and that the time provided by subsection (2) is not conditioned upon the litigation there contemplated being commenced prior to the expiration of the period provided by subsection (1).
I would accordingly, with all deference to the learned trial judge who correctly relied upon a precedent of this court; reverse and remand for further proceedings consistent with the views here expressed.
The appellee has filed a cross appeal. I agree that it is without merit.
*600 I would deny the motion for attorney’s fees filed by the personal representative of the estate of Harriet Branche Boyer incident to services relating to this appeal, but without prejudice to the privilege of including same in any motion for attorney’s fees hereafter addressed to the trial court in the probate proceeding from whence this appeal eminates for services rendered to the estate.

. F.S. 732.212, Florida Statutes 1977, now provides:
“The election shall be filed within 4 months from the date of the first publication of notice of administration, but, if a proceeding occurs involving the construction, admission to probate, or validity of the will or on any other matter affecting the estate whereby the complete extent of the estate subject to the elective share may be in doubt, the surviving spouse shall have 40 days from the date of termination of all the proceedings in which to elect.”