STONE, Judge.
We affirm an order dismissing Appellant’s petition to determine her entitlement to an elective share of her deceased husband’s estate. Appellant’s claim was not filed within the 4 month period allotted for an election under section 732.212, Florida Statutes. Rather, it was filed some 17 months after that period expired.
Appellant, a co-personal representative of the estate, asserts that she did not file her claim initially because she was misled by the estate’s attorney into believing that she would receive 50% of the estate. She subsequently learned that her share in reality is 50% of the “adjusted gross estate,” obviously a smaller amount than half of the entire estate. Upon realizing that there was a discrepancy, Appellant filed a petition for construction of the will more than 10 months after the 4 month period to claim her elective share expired.
The trial court rejected Appellant’s “will contest” by entering an adverse judgment on the pleadings recognizing the will construction petition as legally insufficient. That judgment was not appealed.
Section 732.212, Florida Statutes (1991), provides:
Time of election. — The election shall be filed within 4 months from the date of the first publication of notice of administration, but if a proceeding occurs involving the construction, admission to probate, or validity of the will or on any other matter affecting the estate whereby the complete extent of the estate subject to the elective share may be in doubt, the surviving spouse shall have 40 days from the date of all proceedings in which to elect.
Appellant contends that by seeking a construction of the will she effectively reopened the time period for seeking an elective share for another 40 days under the terms of the statute.
It is clear that the legislative intent behind imposing the 4 month limitation period is to reduce the time for concluding probate proceedings and to foster the resolution of probate issues in an orderly and expeditious manner. See, e.g., Allen v. Guthrie, 469 So.2d 204 (Fla. 2d DCA 1985); In re Estate of Robins, 463 So.2d 273 (Fla. 2d DCA 1984). We recognize that the statute does not explicitly impose a time limit on filing a proceeding involving “the construction ... of a will, or on any other matter affecting the estate whereby the complete extent of the estate subject to the elective share may be in doubt.” Nevertheless, we cannot read the statute to reach an absurd result that would effectively nullify the legislative effort to impose finality on proceedings. If a surviving spouse can defeat the 4 month limitation period simply by filing a will construction petition at any time during probate, no matter how specious, there is no significance to the limitation period.
A similar result was reached in In re Estate ofAmer, 218 So.2d 471 (Fla. 1st DCA), cert, denied, 225 So.2d 916 (Fla.1969), involving a predecessor statute.[1] There, the court held that the time for fifing a petition was not revived by the fifing of a petition for a declaratory decree to determine heirs and rights in homestead. In Amer, the court held that any such petition, in order, to effect a statutorily authorized 60 day revival, must itself be filed within the initial limitations period, as *146 “to hold otherwise would open the door to unreasonable confusion.” Id. at 473. But see Boyer v. Branche, 369 So.2d 596 (Fla. 1st DCA 1978) (Boyer, J., dissenting), cert, denied, 370 So.2d 458 (Fla.1979), and First National Bank of Birmingham v. McFarland, 200 So.2d 244 (Fla. 2d DCA), cert, denied, 207 So.2d 453 (Fla.1967).
We need not determine here, whether a trial court’s hands are tied at every turn, or whether a court may exercise discretion upon a showing of good cause in an appropriate case. See In re Estate of Sale, 227 So.2d 199 (Fla.1969). However in this case, the trial court can hardly be faulted for dismissing Appellant’s equitable assertions where the same court had earlier rejected her will construction pleadings, based on the same allegations, as facially insufficient.[2]
Therefore, the trial court’s judgment is affirmed.
WARNER and PARIENTE, JJ., concur.

. § 731.35, Fla.Stat. (1961).

. Although the court does not specify this as the basis for the court’s finding that Appellant’s equitable allegations were "insufficient as a matter of law to excuse the failure to timely elect....” such a basis is apparent.